Plaintiff's requests for leave to serve Defendant Ronald Tang via email and an award of the costs of service and associated fees are DENIED. Plaintiff shall continue to use all reasonable efforts to serve Defendant.

**Via ECF**
**Hon. Jennifer L. Rochon**
**United States District Judge**
**Southern District of New York**

Date:   January 28, 2026
New York, New York

**SO ORDERED.**

*Jennifer Rochon*

**JENNIFER L. ROCHON**
**United States District Judge**

**Re:** *Blecher v. Goldberg et al.*, **Case No. 1:25-cv-10341-JLR**
**LETTER MOTION for Leave to Effect Substitute Service and for Costs**

Dear Judge Rochon:

I am the Plaintiff *pro se* in this civil RICO action. I write pursuant to **Individual Rule 1.A** to respectfully request an Order: (1) granting leave to serve Defendant Ronald Tang via email pursuant to Fed. R. Civ. P. 4(e)(1) and N.Y. CPLR 308(5); and (2) awarding the costs of service and associated fees pursuant to Fed. R. Civ. P. 4(d)(2).

**I. Leave for Substitute Service (Email) is Warranted**

**A. Legal Authority**
Federal Rule of Civil Procedure 4(e)(1) authorizes service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Under New York law, specifically **CPLR 308(5)**, "if service is impracticable," then service shall be made 'in such a manner as the court . . . directs.'"

**B. Impracticability of Physical Service**
Service upon Mr. Tang is "impracticable" due to the high-security nature of his workplace, his affirmative evasion through shifting addresses, and the likely use of a professional pseudonym.

1. **The Fortress and the "Shell Game":** Mr. Tang purports to work at **One World Trade Center**, a location where process servers are barred from accessing elevator banks without security clearance. Compounding this difficulty, Mr. Tang has provided conflicting physical coordinates to evade location. In correspondence regarding a claim refund, Mr. Tang listed his address as the **84th Floor** (See Email, **Exhibit B-1**). However, his recent auto-reply lists his address as the **48th Floor** (See Auto-Reply, **Exhibit B-2**).

2. **Diligent Efforts & Evasion:** My process servers attempted personal service at *both* the 84th Floor and the 48th Floor on multiple occasions. On every attempt, building security at the ground level denied access. Building security also claimed "Subject Unknown." (See Affidavits of Attempted Service, **Exhibit A**). It is implausible that a "Risk Mitigation Analyst" is unknown at his own headquarters; rather, security is being used to shield an employee whose physical location is a moving target.

3. **The "Ghost" Defendant:** Diligent searches of professional networks (LinkedIn) and public records reveal no trace of a "Ronald Tang" employed by TheGuarantors. This

1

absence of a digital footprint, combined with the "Subject Unknown" responses and the transpose floor numbers (48 vs. 84), suggests that "Ronald Tang" may be a **pseudonym** used by the corporate defendant's risk department. If the name is a pseudonym and the floor number is fluid, physical service is impossible.

4. **The Proof of Existence (The "Digital Anchor"):** Despite the physical evasion, the individual controlling the "Ronald Tang" identity is active and reachable via one specific channel: email. I have received correspondence from [ronald.tang@theguarantors.com](mailto:ronald.tang@theguarantors.com) conducting substantive business (processing refunds) and issuing automated status updates (the Dec 24 auto-reply). While his physical location shifts between floors or non-existence, his email address remains the single constant, verifiable link to the Defendant.

Mr. Tang is physically present behind a security perimeter that denies his existence to process servers. Because traditional physical service has been rendered impossible by the security protocols of One World Trade Center, the Court should direct service via the email address Mr. Tang is confirmed to use.

**C. Due Process**

Service via email comports with Due Process in this instance. As the Supreme Court held in *Mullane v. Central Hanover Bank & Trust Co.*, "[t]he fundamental requisite of due process of law is the opportunity to be heard." 339 U.S. 306, 314 (1950). To satisfy this, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 314.

Here, email is reasonably calculated to reach Mr. Tang because:

1. **Active Account:** The auto-reply (**Exhibit B-1**) confirms the email address is active.
2. **Actual Usage:** As noted in legal scholarship discussing electronic service, courts are persuaded when "the court could be reasonably certain the email would reach the defendants because the provided e-mail addresses were used to set up accounts for the defendants' business. Alyssa L. Eisenberg, Keep Your Facebook Friends Close and Your Process Server Closer, 51 San Diego L. Rev. 779, 791 (2014) (discussing Fed. Trade Comm'n v. PCCare247 Inc., No. 12 Civ. 7189, 2013 WL 841037 (S.D.N.Y. Mar. 7, 2013)).
3. Here, Mr. Tang's account successfully auto-responded to Plaintiff, confirming receipt capability. This is the same email address used to conduct the harassment over a nonexistent debt, as alleged in the Complaint.
4. **Actual Notice:** The Assistant General Counsel of Tang's place of work, Sasha Zheng of TheGuarantors, was copied on the waiver request and subsequent notices. Tang has actual knowledge of this suit.

2

## II. Costs are Mandatory Under Rule 4(d)(2)

On December 24, 2025, I sent Mr. Tang a request to waive service. The 30-day period expired on January 23, 2026. He failed to respond. On January 23, I notified Mr. Tang and In-House Counsel that I would be moving for costs (**Exhibit C**).

Federal Rule 4(d)(2) is explicit regarding the consequences of this failure:

> "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court **must impose** on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." (Cornell Rule 4, p. 2) (emphasis added).

Mr. Tang has shown no good cause for his failure to waive; he is simply relying on the security of One World Trade Center to evade the jurisdiction of this Court.

### Conclusion

Plaintiff respectfully requests that the Court: (1) Order that service be made by emailing the Summons and Complaint to ronald.tang@theguarantors.com and mitigation@theguarantors.com; and (2) Grant Plaintiff leave to submit a Bill of Costs for the expenses incurred in attempting service and preparing this motion.

Respectfully submitted,

/s/ Jonathan Blecher
**JONATHAN BLECHER, ESQ.**
Plaintiff Pro Se

3