# BORAH GOLDSTEIN
# NAHINS & GOIDEL, P.C.

January 29, 2026

*Brian D. Graifman*
*Partner*
Manhattan Office
bgraifman@borahgoldstein.com
O: (212) 431-1300, Ext. 322
Dir: 212-965-2566

<u>VIA ECF</u>
Judge Jennifer L. Rochon
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

Re:   Mooting Most of Disqualification Motion (ECF 26)
       <u>Blecher v. Goldberg, et al.,</u> 25-cv-10341-JLR

Dear Judge Rochon:

I represent defendant Anthony Novella and have moved to be substituted out as counsel for defendant Matthew Goldberg (ECF 35 *et seq*), after separate counsel appeared for him today (ECF 33-34).

That substitution mostly moots, by drastically limiting the scope of, pro se plaintiff's disqualification motion (ECF 26 *et seq.*, filed Feb. 12, 2026), **the response for which would be due this coming Monday, February 2** (ECF 28). I request either that the motion be dismissed as moot without prejudice to refiling, **or that the time to respond be extended** from February 2 **to February 9**, which was the original response date under paragraph 4.A of your civil pro se rules, which I did not realize applied when plaintiff, a New York admitted attorney, allowed me a one-week "extension" that unbeknownst to me was a contraction.

I emailed with plaintiff today, proposing (i) that his motion be withdrawn without prejudice to him filing a recalibrated motion should he wish and that I had no objection to that portion of his motion that sought a stay pending decision, and if not (ii) that I be granted the one-week extension back to the original rules-based response date of February 9.

In reply, plaintiff declined to withdraw his motion and declined an extension, providing this reason:

> Plaintiff remains amenable to a reasonable adjournment for briefing purposes. However, Plaintiff declines to sign a voluntary stipulation at this time because

Manhattan Office | 377 Broadway ● New York, New York ● 10013 ● T: (212) 431-1300 ● F: (212) 334-0960 ● **(Delivery of Manhattan Papers Only)**
Queens Office | 108-18 Queens Boulevard ● Forest Hills, New York ● 11375 ● T: (718) 263-6611 ● F: (718) 263-8272
Bronx Office | 930 Grand Concourse ● Bronx New York  10451 ● T: (718) 585-7000 ● F: (718) 585-8969
www.borahgoldstein.com

BORAH, GOLDSTEIN, NAHINS & GOIDEL, P.C.

    Counsel for the Defendants has refused to provide a written certification that the native metadata and system audit logs for the specific documents challenged in the RICO Complaint (NYSCEF Doc 31 and "April 7th Receipt" / DA NETWORKS Receipt) have been forensically preserved. In light of reasons for suspicion Plaintiff has stated regarding these documents in the current record, Plaintiff's primary concern is the prevention of spoliation during the transition of counsel. The transition period between law firms is a high-risk window for digital data. Plaintiff respectfully requests that any extension granted by the Court be accompanied by a So-Ordered mandate for the forensic preservation of the native files.

    We should not be required to respond to plaintiff's 60-page motion (including 30-page memo of law and 17-page declaration),[1] and be forced to guess what he may deem relevant to these changed circumstances. Nor should the Court have to negotiate through the entirety of his motion, the vast majority of which is now moot.

    Pursuant to paragraph 1.F of your individual rules, (1) the original due date under the pro se rules was February 9 when I requested an "extension" to February 2, which was granted; (2) this is second request for a change of response date, now back to the original response date under the rules, so substantively no "extension" is being requested; (3) the previous request, unopposed, was granted (ECF 28); (4) plaintiff does not consent without conditions, his reason excerpted above.

                                      Respectfully,

                                        /s

                                      Brian D. Graifman

---

[1] None of the motion filings include a word certification (Rochon Civ. R. 3.C), additional grounds for rejecting the motion.