

Jonathan Blecher <jonathan.blecher18@gmail.com>

## Coming Substitutions of Counsel
9 messages

**Brian Graifman** <BGraifman@borahgoldstein.com>     Thu, Jan 29, 2026 at 9:44 AM
To: Jonathan Blecher <jonathan.blecher18@gmail.com>

Mr. Blecher: I'd like to give you a heads up. I learned today that another law firm is about to substitute for our firm in the state case and one of its attorneys will substitute for me in representing Matthew Goldberg in the federal case. This will moot your state disqualification motion and drastically limit the scope of your federal disqualification motion.

In my estimation, your federal motion could be withdrawn without prejudice (to which we can consent to be so-ordered) and if you intend to refile a more limited motion I have no objection to the case being stayed, as you have requested, pending decision on a modified disqualification motion.

While they have not yet filed their substitutions, I am hopeful this will occur tomorrow and raise this now so we have a thoughtful path of proceeding, especially with coming deadlines.

BRIAN D. GRAIFMAN, ESQ.

Partner, Supreme Court Division

BORAH, GOLDSTEIN, NAHINS & GOIDEL, P.C.

377 Broadway, 6th Floor
New York, New York 10013
(212) 431-1300, ext. 322
(212) 965-2566 direct
(845) 729-5863 cell
bgraifman@borahgoldstein.com

CLICK FOR GRAIFMAN BIO

www.borahgoldstein.com



*This email is confidential and may be privileged. Use or disclosure by anyone other than the designated addressee(s) is unauthorized and prohibited. If you are not an intended recipient of this e-mail, please notify the sender by email and delete all copies of this email from the device on which you received it immediately.*

---

**Brian Graifman** <BGraifman@borahgoldstein.com>     Thu, Jan 29, 2026 at 11:52 PM
To: Jonathan Blecher <jonathan.blecher18@gmail.com>

Mr. Blecher: I see that you have had contact with incoming counsel for Matthew Goldberg (as well as for landlord/agent defendants in the state case). Thus, I am still looking for a response to my email below, as I intend to write Judge Rochon this afternoon. Please advise.

BRIAN D. GRAIFMAN, ESQ.

Partner, Supreme Court Division

BORAH, GOLDSTEIN, NAHINS & GOIDEL, P.C.

377 Broadway, 6th Floor

New York, New York 10013

(212) 431-1300, ext. 322

(212) 965-2566 direct

(845) 729-5863 cell

bgraifman@borahgoldstein.com

CLICK FOR GRAIFMAN BIO

www.borahgoldstein.com



*This email is confidential and may be privileged. Use or disclosure by anyone other than the designated addressee(s) is unauthorized and prohibited. If you are not an intended recipient of this e-mail, please notify the sender by email and delete all copies of this email from the device on which you received it immediately.*

[Quoted text hidden]

---

**Jonathan Blecher** <jonathan.blecher18@gmail.com>  Fri, Jan 30, 2026 at 12:09 AM
To: Brian Graifman <BGraifman@borahgoldstein.com>

Mr. Graifman,

Thank you for your email.

As I have communicated my position to Mr. Shockett, I disagree with your legal estimation regarding "mootness" in both the State and Federal jurisdictions.

Regarding the Federal Motion to Disqualify:
A substitution of counsel for Mr. Goldberg and the Corporate Defendants does not moot the disqualification of your firm. To the contrary, it confirms the "Rift" between the Defendants and institutionalizes the conflict. By substituting out for the "Clients" while your firm remains counsel for the "Lawyer-Defendant" (Mr. Novella) in the Federal Action, you have merely traded a Rule 1.7 violation for a mandatory Rule 1.9 Former Client conflict.

As the "Author" of the challenged filings in the Related State Action, and former counsel for Goldberg and the Corporate Defendants, Novella (and thus your firm) is in possession of the "Blueprint" of the fraud. You cannot represent Mr. Novella in the Federal RICO Action—where his defense necessarily involves shifting blame to his former clients—without violating the absolute bars of Rule 1.9(a) and 1.9(c). Furthermore, the Advocate-Witness taint of Rule 3.7 remains: your partner, Mr. Novella, is the sole source of evidence regarding the "Impossible Fee" and the continued reliance on the contents of "April 7th Receipt."

Regarding the State Court Action:
A substitution of counsel does not "un-ring the bell" of a fraud on the Court. The Verified Answer (Doc 31) and Counterclaim remain on the record. As established in my emergency filings this morning (Seq. 007), I

am moving to strike those instruments.

Furthermore, please be advised that I have formally filed a Notice of Rejection (NYSCEF Doc. 152) regarding the "Substitution of Counsel" (Doc. 151). The filing is procedurally defective under Judge Moyne's Part Rule 2(b) and is predicated on a signature by Mr. Goldberg as "Duly Authorized" that factually admits to prior perjury regarding his lack of corporate authority.

I intend to address these continuing ethical and procedural violations with Judge Rochon and Judge Moyne directly.

I am open to a discussing stipulation provided it includes the following:

1. Vacatur of Work Product: The immediate withdrawal and striking of the current Answer, Counterclaim, and the Goldberg/Novella Affirmations from the state court record.
2. Procedural Status: Acknowledgment that the Defendants are currently in default and a 30-day stay for counsel for the corporate defendants to move for leave to file de novo, truthful responsive pleadings.
3. The "Novella" Statement: A written confirmation that Novella and BG have been terminated for cause related to the conflicts. Something to the effect that "The parties agree that Borah Goldstein's representation is terminated in light of the irreconcilable conflicts identified in Motion Seq #5."
4. Metadata and Mirror Images: A requirement that BG promptly hand over "mirror images" of the hard drives/servers containing the original "April 7th Receipt" and the drafting history of the Answer.
5. Federal Impact: A stipulation that the substitution in State Court is not a waiver of any of my claims against BG/Novella or any others in Federal Court, including my RICO claims, or any claims against any parties in State Court, nor shall it be construed as a waiver of the evidentiary value of said filings as prior inconsistent statements or party admissions in any current or future proceeding.
6. Confirmation of who is representing Mr. Novella, given the imputed conflict under Rule 1.10.

Best Regards,
Jonathan Blecher, Esq.

[Quoted text hidden]

---

**Brian Graifman** <BGraifman@borahgoldstein.com>                                      Fri, Jan 30, 2026 at 3:40 AM
To: Jonathan Blecher <jonathan.blecher18@gmail.com>
Cc: "Shockett, Jeremy" <jshockett@andersonkill.com>, "Kosek, Jason" <jkosek@andersonkill.com>

Mr. Blecher:  Absent withdrawal, I request an additional week to respond to the motion, from February 2 to **February 9** -- the latter being the default date to respond under paragraph 4.A of Judge Rochon's civil pro se rules, which at the time of the previous "extension" I did not realize applied.

BRIAN D. GRAIFMAN, ESQ.

Partner, Supreme Court Division

BORAH, GOLDSTEIN, NAHINS & GOIDEL, P.C.

377 Broadway, 6th Floor

New York, New York 10013

(212) 431-1300, ext. 322

(212) 965-2566 direct

(845) 729-5863 cell

bgraifman@borahgoldstein.com

CLICK FOR GRAIFMAN BIO

www.borahgoldstein.com



*This email is confidential and may be privileged. Use or disclosure by anyone other than the designated addressee(s) is unauthorized and prohibited. If you are not an intended recipient of this e-mail, please notify the sender by email and delete all copies of this email from the device on which you received it immediately.*

[Quoted text hidden]

---

**Jonathan Blecher** <jonathan.blecher18@gmail.com>　　　　　　　　　　　　　　Fri, Jan 30, 2026 at 4:03 AM
To: Brian Graifman <BGraifman@borahgoldstein.com>
Cc: "Shockett, Jeremy" <jshockett@andersonkill.com>, "Kosek, Jason" <jkosek@andersonkill.com>

Mr. Graifman:

In the interest of moving this case toward a rational and professional path of proceeding, I am willing to consent to your request for an extension to February 9, 2026, provided we can address a threshold concern regarding the integrity of the evidence.

As you may be aware from my filings in the State Court Lease Action, a key objective is ensuring the forensic preservation of the native metadata for the "April 7th Receipt" / DA NETWORKS Receipt, and the "October 31st Answer." The transition period between law firms is a high-risk window for digital data.

If you and Mr. Novella provide a written certification that the native files and system audit logs, including original metadata, for NYSCEF Doc 31 and any necessary files or comms related to the April 7th Receipt, have been forensically preserved and imaged, I will be unopposed to your request for an extension to Feb 9.

I believe this is a reasonable accommodation that protects both the need for time and the Plaintiff's right to a stable evidentiary record. Once the metadata is secured, I am hopeful we can focus our attention on the substantive legal issues rather than procedural disputes.

Best Regards,
Jonathan Blecher

[Quoted text hidden]

---

**Brian Graifman** <BGraifman@borahgoldstein.com>　　　　　　　　　　　　　　　　Fri, Jan 30, 2026 at 4:16 AM
To: Jonathan Blecher <jonathan.blecher18@gmail.com>
Cc: "Shockett, Jeremy" <jshockett@andersonkill.com>, "Kosek, Jason" <jkosek@andersonkill.com>

Mr. Blecher: Unfortunately, I need the issue of extension to be addressed with the court today, and cannot comply with your certification requirements at this time other than to repeat that I always inform clients of the preservation duties. Unless you respond agreeing to the original response date of February 9, I will inform the court of your reason set forth below for declining.

[Quoted text hidden]

---

**Jonathan Blecher** <jonathan.blecher18@gmail.com>                                          Fri, Jan 30, 2026 at 4:26 AM
To: Brian Graifman <BGraifman@borahgoldstein.com>
Cc: "Shockett, Jeremy" <jshockett@andersonkill.com>, "Kosek, Jason" <jkosek@andersonkill.com>

Mr. Graifman,

Thank you for your prompt response.

It is unfortunate that you are unable to provide a basic forensic certification for the specific documents currently at the center of a forgery and RICO dispute.

As I am sure you can appreciate, informing a client of their duties is a standard administrative step that does not provide the same evidentiary security as a forensic imaging of native metadata, particularly during a transition of counsel where files are being transferred between firm servers.

To ensure the Court is accurately informed of my position, please include the following statement in your communication to Judge Rochon:

"Plaintiff remains amenable to a reasonable adjournment for briefing purposes. However, Plaintiff declines to sign a voluntary stipulation at this time because Counsel for the Defendants has refused to provide a written certification that the native metadata and system audit logs for the specific documents challenged in the RICO Complaint (NYSCEF Doc 31 and "April 7th Receipt" / DA NETWORKS Receipt) have been forensically preserved. In light of reasons for suspicion Plaintiff has stated regarding these documents in the current record, Plaintiff's primary concern is the prevention of spoliation during the transition of counsel. The transition period between law firms is a high-risk window for digital data. Plaintiff respectfully requests that any extension granted by the Court be accompanied by a So-Ordered mandate for the forensic preservation of the native files."

I look forward to resolving this threshold evidentiary concern with the Court.

Thank you.

Best Regards,
Jonathan Blecher, Esq.

[Quoted text hidden]

---

**Brian Graifman** <BGraifman@borahgoldstein.com>                                            Fri, Jan 30, 2026 at 4:29 AM
To: Jonathan Blecher <jonathan.blecher18@gmail.com>
Cc: "Shockett, Jeremy" <jshockett@andersonkill.com>, "Kosek, Jason" <jkosek@andersonkill.com>

I will include your excerpt. Thank you for your prompt response.

BRIAN D. GRAIFMAN, ESQ.

Partner, Supreme Court Division

BORAH, GOLDSTEIN, NAHINS & GOIDEL, P.C.

377 Broadway, 6th Floor

New York, New York 10013

(212) 431-1300, ext. 322

(212) 965-2566 direct

(845) 729-5863 cell

bgraifman@borahgoldstein.com

CLICK FOR GRAIFMAN BIO

www.borahgoldstein.com



*This email is confidential and may be privileged. Use or disclosure by anyone other than the designated addressee(s) is unauthorized and prohibited. If you are not an intended recipient of this e-mail, please notify the sender by email and delete all copies of this email from the device on which you received it immediately.*

---

**From:** Jonathan Blecher <jonathan.blecher18@gmail.com>
**Sent:** Thursday, January 29, 2026 4:27 PM
**To:** Brian Graifman <BGraifman@borahgoldstein.com>
**Cc:** Shockett, Jeremy <jshockett@andersonkill.com>; Kosek, Jason <jkosek@andersonkill.com>

[Quoted text hidden]

[Quoted text hidden]

---

**Jonathan Blecher** <jonathan.blecher18@gmail.com>　　　　　　　　　　　　　　　Fri, Jan 30, 2026 at 4:49 AM
To: Alan Blecher <alanblecher@gmail.com>

Best regards,
Jonathan

[Quoted text hidden]