# ANDERSON KILL P.C.

**7 TIMES SQUARE, 15TH FLOOR / NEW YORK, NY 10036 / 212.278.1000 / www.andersonkill.com**

Jason Kosek, Esq.
jkosek@andersonkill.com
212.278.1028

March 14, 2026

**VIA ECF**
The Honorable Jennifer L. Rochon
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

**RE:** *Blecher v. Goldberg et al.*, Case No.: 1:25-cv-10341-JLR

Dear Judge Rochon:

    We respectfully write on behalf of Matthew Goldberg's ("Goldberg") to request leave to file Goldberg's motion to dismiss the amended Complaint one day out of time, nunc pro tunc. The motion was due on March 13, 2026 and was filed today, March 14, 2026.

    A calendaring error caused the one-day delay. Upon discovering the error, undersigned counsel promptly requested an adjournment of the filing deadline from Plaintiff. Counsel has not received a response to that request as of the date of this letter. Rather than allow additional time to pass, Goldberg filed the motion today and now seeks leave to have it accepted nunc pro tunc. Good cause exists to grant this request.

    Under Federal Rule of Civil Procedure 6(b)(1)(B), a court may, for good cause, extend a deadline after it has expired if the failure to act resulted from excusable neglect. First, the delay is de minimis: one day. Second, Plaintiff suffers no prejudice from the brief delay. Third, a calendaring error caused the delay, not bad faith or willful disregard. Fourth, Gldberg acted in good faith by filing the motion at the earliest opportunity and promptly notifying the Court.

    `Courts in this District routinely grant leave to file one day late where no prejudice results and the movant acted in good faith. *See, e.g.*, *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997) (excusable neglect analysis favors party where delay is minimal and no prejudice shown).

    For these reasons, Goldberg respectfully requests that the Court accept the motion to dismiss the amended Complaint as timely filed nunc pro tunc to March 13, 2026.

Respectfully submitted,

By:  /s/ Jason E. Kosek
       Jason E. Kosek