# BORAH GOLDSTEIN
## NAHINS & GOIDEL, P.C.

March 14, 2026

*Brian D. Graifman*
*Partner*
Manhattan Office
bgraifman@borahgoldstein.com
O: (212) 431-1300, Ext. 322
Dir: 212-965-2566

<u>VIA ECF</u>
Judge Jennifer L. Rochon
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

      Re:    Stay Discovery Based on Motion to Dismiss (ECF 82 – 83)
               <u>Blecher v. Goldberg, et al., 25-cv-10341-JLR</u>

Dear Judge Rochon:

      I am counsel for defendant Anthony J. Novella, who is Of Counsel at our firm, and request that the court stay discovery pending decision on our motion to dismiss (ECF 82 – 83) the amended complaint (ECF 70).

      This is a landlord-tenant dispute arising from plaintiff's mid-lease abandonment of his tenancy, having apparently fled the jurisdiction. In emails, defendant Goldberg, for the landlord and manager, agreed to plaintiff's request to terminate the lease in return for keeping a $4,100 one-month security deposit and return of keys. Plaintiff, a NY-admitted attorney, failed to reveal that he had left his furniture, appliances, and personal effects in the apartment. The landlord mitigated its damages, including emptying, repairing, and re-renting the unit. As plaintiff was not charged with the $2,400 April 7 invoice for plastering and painting (ECF 26-5) that he references, he suffered no loss. He sued in state court anyway, a few months before he filed this case.

      Defendant Novella's involvement was limited to acting as the landlord's attorney responding to and concerning communications initiated by the NYPD, and a subpoena from the NY County District Attorney's Office focused on plaintiff. After plaintiff sued in state court, Novella appeared in plaintiff's action as the Borah Goldstein attorney defending the landlord defendants until being substituted out approximately three months later.

      Ten days after Goldberg's affirmation filed in the state action on December 2, 2025 revealed the existence of the NYPD and DA contact (ECF 45-1, ¶ 26), plaintiff filed this case against the individuals who are agents of the entities he sued in the state court case, including Novella, with a 106-page complaint (ECF 1). We believe that plaintiff sues vindictively and to discover about the investigation.

Manhattan Office | 377 Broadway ● New York, New York ● 10013 ● T: (212) 431-1300 ● F: (212) 334-0960 ● **(Delivery of Manhattan Papers Only)**
Queens Office | 108-18 Queens Boulevard ● Forest Hills, New York ● 11375 ● T: (718) 263-6611 ● F: (718) 263-8272
Bronx Office | 930 Grand Concourse ● Bronx New York  10451 ●  T: (718) 585- 7000 ●  F: (718) 585-8969
www.borahgoldstein.com

BORAH, GOLDSTEIN, NAHINS & GOIDEL, P.C.

As against Novella, plaintiff asserts a RICO claim (even though this is a short-lived private landlord-tenant dispute), and state law claims for defamation, attorney deceit (NY Jud. L. § 487) and aiding and abetting fraud.  For damages, plaintiff seeks against Novella $4,100 for an allegedly converted security deposit, the value of a debt obligation and insurance claim that the guarantor initially asserted against him (ultimately zero), the value of insurance proceeds the landlord obtained from plaintiff's guarantor (for which plaintiff lacks standing), the value of professional billable hours plaintiff spent, damage to his professional good will and creditworthiness, and treble damages under the Judiciary Law.

Here, Novella moved to dismiss (ECF 65, *et seq.*), and plaintiff filed an amended complaint with the same claims as before, but now 150 pages (ECF 70), which pleading Novella moved to dismiss early, on March 11, 2026 (ECF 82 – 83).  Plaintiff also moved to disqualify counsel and stay proceedings, filed on January 12, 2026 (ECF 26, *et seq.*); disqualify counsel, including successor counsel for Goldberg, and stay motions to dismiss the complaint or any pleading answer, filed on February 11, 2026 (ECF 50); and strike certain allegations as scandalous and impertinent, filed on February 12, 2026 (ECF 57), each seeking related relief.

Plaintiff served a document request on March 6, 2026 (exhibit hereto). Defendants immediately responded, objecting to discovery and, pursuant to FRCP 26(a)(1)(C), recited their objection in the proposed case management plan (ECF 85 ¶ 19). Defendant Tang has not yet been served (*see* ECF 78).

A court may, on a showing of good cause, stay discovery pursuant to FRCP 26(c) during the pendency of a motion to dismiss.  *Del Mar TIC I LLC v. Bancorp. Bank*, 23-cv-08999 (JLR), 24 U.S. Dist. LEXIS 61548 at *2, 2024 WL 1348501 (SDNY Mar. 29, 2024), *citing Press v. Primavera*, 21-cv-10971 (JLR), 2022 U.S. Dist. LEXIS 226954 at *3, 2022 WL 17736916 at *1 (SDNY Dec. 16, 2022).  Courts consider multiple factors, including (i) the breadth of discovery sought and burden of responding to it, (ii) the prejudice that would result to the party opposing the stay, and (iii) the strength of the pending motion forming the basis of the request for stay.  *Pujals v. BDO USA, P.C.*, 1:25-cv-01757 (JLR), 2025 LX 391741 at *7, 2025 WL 2644238 (SDNY Sept. 15, 2025), *citing Del Mar*, *supra*.  The "strength of the motion" factor contemplates whether the party seeking the stay has "substantial arguments for dismissal" or whether there is "a strong showing that the plaintiff's claim is unmeritorious." *Del Mar*, *supra* (quotation source omitted). Courts also consider whether the resolution of the pending motion to dismiss may dispose of the entire action. *Del Mar*, *supra*, *citing Press*, *supra*.

The court may start with the third factor because success on the motion to dismiss would dispose of the entire action, weighing in favor of granting the stay.  *Del Mar*, *supra*, LEXIS at *2, *citing Press*, *supra*, LEXIS at *4.  "As a general proposition, a litigant has to state a claim before he or she is entitled to discovery." *Wellington v. City of New York*, 24-cv-08743 (JLR), 2025 LX 415081 (SDNY Sept. 24, 2025) (source citation omitted).

As set forth in Novella's motion to dismiss, the underlying dispute arose out of the short-lived landlord tenant relationship which did not involve him, other than his responses to and concerning the NYPD and District Attorney's Office's subpoena and his appearance in plaintiff's state court action defending the landlord defendants.  Plaintiff's basis for federal jurisdiction is

BORAH, GOLDSTEIN, NAHINS & GOIDEL, P.C.

RICO, a claim facially defective. Among other deficiencies, the complained of acts by Novella all involved his filings in state court, *i.e.*, mere litigation activity, which is privileged. The landlord dispute spanned only a few months, as did Novella's involvement in the litigation, failing RICO's continuity requirement. Plaintiff also alleges no cognizable RICO injury. Further, his claims against Novella acting as an attorney defending the landlord defendants in the state court case that plaintiff filed violates public policy, and the state law claims here are all transparently deficient as well. Novella thus provides substantial arguments for dismissing the action against Novella as non-meritorious, making this factor weigh heavily in favor of a discovery stay.

The breadth and complexity of the demanded discovery also weigh in favor of a stay. Plaintiff's March 6, 2026 document request (exhibit herewith) seeks certain "time-entry records, contemporaneous billing logs, and invoices" from Borah Goldstein, "native-format .docx file (with full metadata and 'Total Editing Time' artifacts) for the Verified Answer and Counterclaim filed as NYSCEF Doc. 31," and "[a]ll communications between Defendant Novella or Defendant Goldberg and the New York County District Attorney's Office regarding the narrowing or targeting of the subpoena mentioned in Dkt. 65-1" (*id.* at pgs. 5-6 (Category 5)). It also demands certain "communications (emails, letters, memos) between Defendant Novella and Defendants Goldberg or Tang," certain "documents, internal firm memos, or 'conflict checks' authored by Defendant Novella," and "[a]ll draft versions of the Verified Answer and the Goldberg Affirmation, showing any edits or revisions made by Defendant Novella" concerning certain subject matter (*id.* at pg. 7 (Category 8))

These portions of the request implicate complex privilege issues, including work-product and attorney-client, relevant to plaintiff's still pending case(s), and communications with the NYPD and DA's office, the latter of which had requested in writing that the matter be kept confidential so as not to impede the investigation or interfere with the enforcement of law. It also requests burdensome metadata and underlying historical time and version data. That plaintiff's pleading is 150 pages long and as he has been prolific in filing actions and motions suggests strongly that discovery will likely spawn satellite disputes, further burdening the parties and court. These factors all merit a stay. *See Pujals, supra,* 2025 LX 391741 at *9-*10 (request seeking "potentially privileged documents . . . reaching a variety of potentially sensitive communication and documents . . . involving a not-insignificant swath of third parties" was "broad and complex," weighing in favor of a discovery stay (citing cases)).

Finally, the breadth of the requested discovery outweighs any minimal prejudice plaintiff would face from a brief stay. The case is only three months old, and plaintiff himself has moved to stay the proceedings in his initial disqualification motion (ECF 26, *et seq.* (still outstanding)). *See Press, supra*, LEXIS at *5-*6 (granting stay where case over one year old and still at motion to dismiss stage); *Pujals*, *supra*, LEXIS at *10 (case only six months old); *Del Mar*, *supra*, LEXIS at *4-*5 (same).

                   Respectfully,

                   /s Brian Graifman

Exh. A – plaintiff document request