USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  04/10/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN DAVID BLECHER,

        Plaintiff,

    -against-

MATTHEW S. GOLDBERG, et al.,

        Defendants.

25-CV-10341 (JLR) (BCM)

**ORDER RE WITHDRAWAL OF MOTIONS TO DISQUALIFY COUNSEL**

**BARBARA MOSES, United States Magistrate Judge.**

Plaintiff Jonathan David Blecher – a lawyer, proceeding pro se in this action – seeks leave to withdraw two pending and fully-briefed attorney disqualification motions "without prejudice," reserving the right to renew them if and when his claims proceed to discovery. For the reasons that follow, plaintiff may either withdraw the disqualification motions unconditionally – that is, with prejudice – or appear for oral argument on the motions, as previously scheduled, on April 29, 2026.

### Background

As described in more detail in this Court's Order dated March 19, 2026 (Dkt. 101), this is one of two parallel lawsuits, both brought by plaintiff Blecher, arising out of his request to terminate his lease for a one-bedroom apartment in Manhattan. *See Blecher v. Goldberg*, 2026 WL 776584, at *1-2 (S.D.N.Y. Mar. 19, 2026). In both cases, plaintiff complains that after he agreed to surrender his $4,100 security deposit, in exchange for early termination of the lease, his landlord and/or its agents "double dipped" by making a $4,100 claim, against the bond that plaintiff provided at the start of his tenancy, for the same month's rent that was covered by the surrendered security deposit. Thereafter, plaintiff alleges, the rent claim was fraudulently recharacterized as a claim for non-existent furniture removal, paint, and plastering expenses. *Id*. at *2.

On August 15, 2025, plaintiff filed a state court action against his former landlord, its affiliated management companies, and the insurance company that bonded him, alleging putative

class claims for breach of contract, fraud, unjust enrichment, violation of New York General Business Law § 349, and civil conspiracy to commit fraud. *See* Amended Complaint (Doc. No. 11), *Blecher v. WAM Equity Partners, LLC*, Index No. 160971/2025 (N.Y. Supr. Ct., N.Y. Cnty., Oct. 10, 2025). On December 12, 2025, plaintiff filed this action, in which he seeks damages from three individuals: Matthew S. Goldberg, an agent of his former landlord (with whom he negotiated the early termination of his apartment lease over email); Ronald Tang, an employee of the company that bonded him; and Anthony J. Novella, the lawyer who initially represented plaintiff's former landlord and related defendants in state court. In his 558-paragraph, 150-page First Amended Complaint (FAC) (Dkt. 70), plaintiff alleges two federal claims, for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1962(c) and (d), and five state law claims, for fraudulent inducement, breach of implied warranty of authority, defamation, attorney deceit, and aiding and abetting fraud. *See* FAC ¶¶ 308-558.

On January 12, 2026, plaintiff moved in this Court to disqualify attorney Novella and any other attorney from his law firm, Borah, Goldstein, Nahins & Goidel, P.C. (Borah Goldstein), from representing any defendant in this action. (Dkt. 26.)[1] On January 29, 2026, attorneys Jeremy Shockett and Jason Kosek of Anderson Kill PC (Anderson Kill) appeared as successor counsel for defendant Goldberg (Dkts. 33, 34), in place of attorney Graifman, who was granted leave to withdraw. (Dkt. 42.) On February 11, 2026, plaintiff moved to disqualify Shockett and Kosek from representing any defendant in this action, and to disqualify Graifman from representing his remaining client, Novella. (Dkt. 50.) Both motions are fully briefed. (*See* Dkts. 44-49, 68, 80.)

---

[1] Attorney Novella has never appeared as counsel of record in this action. Attorney Brian Graifman, from the same firm, initially appeared as counsel for both Goldberg and Novella in this Court.

On March 11 and 14, 2026, defendants Novella and Goldberg, respectively, moved to dismiss the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6), and for related relief. (Dkts. 82, 86.) Also on March 14, Novella moved for a stay of discovery pending decision on his motion to dismiss. (Dkt. 90.) On March 19, 2026, this Court granted the stay motion. *Blecher*, 2026 WL 776584, at *3-4. In the same order, this Court set oral argument on the disqualification motions for April 29, 2026. *Id*. at *2.[2]

Two and a half weeks later, on April 6, 2026, plaintiff filed a "Notice of Voluntary Withdrawal of Motions to Disqualify Counsel (Dkts. 26 & 50) Without Prejudice" (Dkt. 109), in which he argues that litigating the disqualification motions now "would consume unnecessary judicial and party resources," in part because the pending motions to dismiss "may dispose of or significantly alter the posture of this action[.]" (*Id*. at 1.) He therefore proposes to withdraw both disqualification motions, while "expressly reserving the right to renew [them] should the claims survive the pleadings stage and proceed to discovery." (*Id*.)

Novella and Goldberg object to plaintiff's proposal. Novella points out that his firm has now been required to brief two disqualification motions, and argues that permitting plaintiff to withdraw them "without prejudice" would amount to "an invitation for plaintiff to file his motion(s) again, requiring yet a *third* disqualification response from us[.]" (Dkt. 110 at 1.) Goldberg joins in that argument, adds that the motion to disqualify his current counsel at Anderson Kill is based on nothing more than "hyperbole" and ad hominem attacks, and argues that "[i]f Plaintiff believes his motions have merit," the Court should hear them promptly, "so they may be denied with prejudice." (Dkt. 112 at 1.) Replying separately to each defendant's letter, plaintiff

---

[2] The third defendant named in this action, Tang, has not yet been served with process. On April 2, 2026, plaintiff renewed his motion for leave to serve Tang through alternative means. (Dkt. 108.)

argues that this Court should not "impose restrictive conditions or 'advance approval' requirements upon Plaintiff's future ability to refile his voluntarily withdrawn Motions to Disqualify Counsel" (Dkt. 111 at 1), but should instead "disregard Defendants' hostile correspondence" and "allow the motions to be terminated without prejudice." (Dkt. 113 at 2.)

## Discussion

"[M]otions to disqualify counsel are disfavored and subject to a high standard of proof, in part because they can be used tactically as leverage in litigation." *Anderson v. City of New York*, 2017 WL 4382163, at \*2 (S.D.N.Y. Sept. 29, 2017) (alteration in original) (quoting *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 388 (S.D.N.Y. 2010)); *see also Scantek Medical, Inc. v. Sabella*, 693 F. Supp. 2d 235, 238 (S.D.N.Y. 2008) ("In view of their potential for abuse as a tactical device, motions to disqualify opposing counsel are subject to particularly strict scrutiny."). Even when made in good faith, "motions to disqualify inevitably cause delay, increase costs, and interfere with a party's right to the counsel of its choice." *Anderson*, 2017 WL 4382163, at \*2 (quoting *Rothberg v. Phil's Main Roofing, LLC*, 2016 WL 2344882, at \*1 (S.D.N.Y. May 2, 2016)).

Consequently, motions to disqualify – particularly those based on asserted conflicts of interest – should be made "within a reasonable time of discovering" the alleged conflicts, "or a waiver will be presumed." *Anderson*, 2017 WL 4382163, at \*4 (quoting *Siverio v. Lavergne*, 1989 WL 31531, at \*2 (S.D.N.Y. March 29, 1989)); *see also George v. City of Buffalo*, 789 F. Supp. 2d 417, 431 (W.D.N.Y. 2011) ("[A]ttorneys are expected to bring what they genuinely believe are serious issues of disqualification arising during litigation to the tribunal's attention promptly for adjudication."). Moreover, "efficiency and the orderly progress of the case" is best served by early resolution of attorney disqualification motions, "when there will be time for [the party whose

counsel may be disqualified] to find a new attorney to represent [him] without delaying the trial, for any new attorney to become familiar with the case now and not on the eve of trial, and for counsel who will try the case to be involved in framing the pleadings, taking discovery and bringing any appropriate pretrial motions." *Gorbaty v. Wells Fargo Bank, N.A.*, 2011 WL 318090, at *3 (E.D.N.Y. Feb. 1, 2011); *accord Sea Trade Mar. Corp. v. Coutsodontis*, 2011 WL 3251500, at *11 (S.D.N.Y. July 25, 2011).

Plaintiff's disqualification motions are based in substantial part on asserted conflicts of interest.[3] Consequently, if plaintiff intends to press those motions, he must do so now, including by appearing for oral argument, as scheduled, on April 29, 2026. Plaintiff's alternative scenario – in which he withdraws his motions "without prejudice," reserving the right to renew them if and when the case proceeds to discovery – would be unfair to defense counsel, who will remain under a reputational cloud so long as plaintiff's colorful accusations of unethical conduct remain unresolved, and equally unfair to defendants Goldberg and Novella, who will remain uncertain of their ability to retain their chosen counsel in this action. Moreover, if the motions to dismiss are denied, and if plaintiff is permitted to renew his disqualification motions at that juncture, it would

---

[3] In support of his initial disqualification motion, plaintiff argued that Borah Goldstein cannot represent either defendant Goldberg or defendant Novella because their interests were "diametrically opposed," such that the firm's simultaneous representation of both clients in this forum violated Rules 1.7 and 1.9 of the New York Rules of Professional Conduct and constituted "an extraordinary ethical breach that threatens the integrity of these proceedings." (Dkt. 26-1 at 1.) According to plaintiff, complete disqualification of the firm was required "[t]o prevent the corruption of this trial and the further misuse of client confidences." (*Id*. at 2.) In support of his second disqualification motion – made after Anderson Kill substituted in for Borah Goldstein as counsel to Goldberg – plaintiff characterizes that development as "a transparent attempt to 'launder' an irreconcilable conflict of interest through the eleventh-hour substitution of counsel," and argues that Anderson Kill itself is subject to an "irreconcilable conflict," such that the "entire defense enterprise" must be disqualified pursuant to Rules 1.7 and 1.9. (Dkt. 50-1 at 1, 16, 19.) As for Borah Goldstein, plaintiff contends that although it no longer represents Goldberg in this action, its continued representation of Novella "is a per se violation of Rules 1.9 and 1.10, as they are now adverse to their own former clients in the same matter." (*Id*. at 22.)

5

be antithetical to "efficiency and the orderly progress of the case," *Gorbaty*, 2011 WL 318090, at *3, because adjudicating the motions at that time would likely further delay the commencement of discovery. Indeed, as plaintiff recognizes (*see* Dkt. 26 at 2; Dkt. 26-1 at 2-3), in the event his disqualification motions were granted, the Court would be required to stay all proceedings for a reasonable period of time to permit defendants to retain new counsel. As a matter of efficiency, therefore, it is more sensible to adjudicate the disqualification motions now, during the pendency of the current discovery stay.

### Conclusion

"[C]ourts retain the discretion to dictate the timing of a motion." *Charter Nat. Life Ins. Co. v. FPL Grp. Cap., Inc.*, 1997 WL 151033, at *1 (S.D.N.Y. Apr. 1, 1997); *accord Frhueb, Inc. v. Abdala*, 2024 WL 5497141, at *1 (S.D.N.Y. Feb. 21, 2024). Thus, while plaintiff is free to withdraw his pending disqualification motions altogether, he is not free to do so "without prejudice," thereby unilaterally granting himself the right to renew the same motions later in the case, at a time when they are likely to further delay what would otherwise be the start of discovery. To avoid any prejudice to the pro se plaintiff in this instance, the Court will disregard his April 6, 2026 notice, will consider the disqualification motions still pending, and will keep the oral argument scheduled for April 29, 2026 on calendar. Should plaintiff wish to withdraw his disqualification motions *with prejudice*, he must so advise the Court, in writing, on or before **April 17, 2026**.

Dated: New York, New York
       April 10, 2026                              **SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**

6